**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SONY ELECTRONICS, INC. d/b/a SONY CORPORATION OF AMERICA, and SONY COMPUTER ENTERTAINMENT AMERICA LLC,<br><br>    Defendants. | Case No. *2:16-cv-00405-RWS* |

**SONY COMPUTER ENTERTAINMENT AMERICA LLC'S ANSWER TO ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC'S COMPLAINT**

Defendant Sony Computer Entertainment America LLC ("SCEA") by and through its attorneys, submits this Answer ("Answer") to Plaintiff Rothschild Broadcast Distribution Systems, LLC's ("RBDS") Complaint. To the extent any allegation contained in this Answer is not specifically admitted, it is hereby denied. SCEA further denies any allegation that may be implied by or inferred from the headings of RBDS's Complaint.

**PARTIES AND JURISDICTION**

1. SCEA admits that this Complaint alleges patent infringement under Title 35 of the United States Code, but SCEA denies any and all allegations of infringement and SCEA denies that RBDS is entitled to seek injunctive relief or damages.

2. SCEA admits that subject matter jurisdiction is proper in this Court for the purposes of this patent infringement action, but SCEA denies any and all allegations of patent infringement.

3.    SCEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore denies the same.

4.    The allegations in Paragraph 4 of the Complaint are moot because Sony Electronic Inc. d/b/a Sony Corporation of America ("SCA") was dismissed as a defendant in an Order issued by the Court in this case, dated May 24, 2016.

5.    SCEA denies that it has ever been a corporation organized and existing under the laws of the State of California. SCEA admits that it has a place of business at 2207 Bridgepointe Parkway, San Mateo, CA 94404, and admits that it had at one time appointed Corporation Service Company as an agent for service of process in one or more states.

6.    SCEA denies that it has committed or continues to commit acts of infringement in the State of Texas.  To the extent that RBDS alleges that such alleged acts of infringement are the basis for personal jurisdiction in this Court, SCEA, for the purposes of this action, denies that this Court has personal jurisdiction.

7.    SCEA denies that any instrumentality that SCEA has used, imported, offered for sale, and/or sold in the Eastern District of Texas would constitute patent infringement.

## VENUE

8.    SCEA denies that it has committed any act of infringement in the Eastern District of Texas, denies that it is a resident of the Eastern District of Texas, and denies that venue is proper in this Court.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO 8,856,221)

9.    SCEA hereby incorporates by reference each of its responses to Paragraphs 1 through 8 above as if fully set forth herein.

10. SCEA admits that RBDS's Complaint purports to be an action for patent infringement arising under the Patent Laws of the United States, particularly, under 35 U.S.C. §§ 271, *et seq.*, but SCEA denies any and all allegations of patent infringement.

11. SCEA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and therefore denies the same.

12. Admitted.

13. Denied.

14. Denied.

15. Denied

16. Denied.

17. Denied.

18. Denied.

19. SCEA lacks knowledge or information sufficient for form a belief as to the truth of the allegations in Paragraph 19, and therefore denies the same.

20. SCEA lacks knowledge or information sufficient for form a belief as to the truth of the allegations in Paragraph 20, and therefore denies the same.

21. Denied.

22. SCEA lacks knowledge or information sufficient for form a belief as to the truth of the allegations in Paragraph 22, and therefore denies the same.

23. Denied.

24. SCEA lacks knowledge or information sufficient for form a belief as to the truth of the allegations in Paragraph 24, and therefore denies the same.

25. Denied.

26. Denied.

27. Denied.

## PRAYER FOR RELIEF

28. SCEA denies that RBDS is entitled to any relief in connection with the allegations in RBDS's Complaint, including, without limitation, the relief requested in Paragraphs (a) through (e) of RBDS's Prayer for Relief and demand for judgment.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that SCEA bears the burden of proof as to any of the following affirmative defenses, Sony asserts the following defenses based upon information and belief:

### FIRST DEFENSE
### (Non-infringement)

SCEA has not infringed, and does not infringe, any valid claim of the U.S. Patent No. 8,856,221 ("the '221 Patent"), literally, under the doctrine of equivalents, directly, indirectly, contributorily, by inducement, willfully, or in any other manner. Therefore, SCEA is not liable for any infringement thereof.

### SECOND DEFENSE
### (Invalidity)

One or more claims of the '221 Patent are invalid for failing to satisfy the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD DEFENSE
### (Estoppel)

RBDS is estopped, by virtue of the prior art statements and amendments made during the prosecution of the '221 Patent, from asserting infringement of one or more claims of the '221 Patent against SCEA, either literally or under the doctrine of equivalents.

## FOURTH DEFENSE

RBDS's request for injunctive relief is barred in whole or in part because there exists an adequate remedy at law and RBDS's claims fail to meet the requirement for any relief.

## FIFTH DEFENSE

RBDS's claims for damages for patent infringement are limited at a minimum by 35 U.S.C. § 287 to only those damages occurring after the notice of infringement and, in any event, by 35 U.S.C. § 286.

## RESERVATION OF ADDITIONAL DEFENSES

SCEA expressly reserves the right to raise and allege additional defenses as they become known through further investigations and discovery.

## PRAYER

WHEREFORE, SCEA prays for judgment that:

A. Finds judgment in favor of SCEA and against RBDS;

B. Dismiss RBDS's Complaint with prejudice;

C. Denies any injunctive relief in favor of RBDS and against SCEA;

D. Declares that the claims of the '221 Patent are invalid;

E. Declares that SCEA has not infringed the '221 Patent;

F. Award SCEA its attorneys' fees and costs incurred in this action, including but not limited to under 35 U.S.C. § 285; and

G. Grants such other and further relief as the Court may deem just and proper.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, SCEA asserts the following Counterclaims against RBDS.

## PARTIES

1. SCEA is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 2207 Bridgepointe Parkway, San Mateo, California 94404.

2. Upon information and belief, and as alleged by RBDS, RBDS is a Texas limited liability company with its principal office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

## JURISDICTION

3. The following counterclaims arise under the United States Patent Laws, 35 U.S.C. §§ 101 *et seq*. The counterclaims seek declaratory relief for which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4. RBDS has consented to personal jurisdiction of this Court by bringing the present action.

5. By bringing the present action, RBDS represents that it is the sole assignee and owner of U.S. Patent. No. 8,856,221 ("the '221 Patent").  RBDS has alleged that SCEA has infringed the '221 Patent, and SCEA denies those allegations.  Based on RBDS's Complaint against SCEA, and SCEA's answer thereto, there exists an actual and justiciable controversy between RBDS and SCEA concerning the '221 Patent.

## COUNT I
### (Declaration of Non-Infringement)

6. SCEA incorporates by reference as if set forth herein all allegations in Paragraph 1-5 of its Counterclaims.

7. SCEA has not infringed and is not infringing, either directly or indirectly, and either literally or under the doctrine of equivalents, any valid and enforceable claim of the '221 Patent. Therefore, SCEA is entitled to a declaratory judgment of non-infringement of the '221 Patent.

## COUNT II
**(Declaration of Invalidity)**

8. SCEA incorporates by reference as if set forth herein all allegations in Paragraphs 1-7 of its Counterclaims.

9. The '221 Patent is invalid because it is unpatentable as being directed to patent-ineligible subject matter under 35 U.S.C. § 101, unpatentable as anticipated under 35 U.S.C. § 102, unpatentable as obvious under 35 U.S.C. § 103, unpatentable for failing to meet one or more of the requirements of 35 U.S.C. § 112, and/or unpatentable because it does not otherwise meet one or more requirements of Title 35 of the United States Code.

10. By reasons of the foregoing, SCEA is entitled to a declaratory judgment that the '221 Patent is invalid.

## PRAYER

Wherefore, SCEA prays for judgment that

A. Finds judgment in favor of SCEA and against RBDS;

B. Dismisses RBDS's Complaint with prejudice;

C. Declares that SCEA has not infringed the '221 Patent;

D. Declares that the claims of the '221 Patent are invalid;

E. Awards SCEA its fees and costs, including attorneys' fees incurred herein; and

F. Grants such other and further relief as the Court may deem just and proper.

Date:   June 24, 2016                       Respectfully submitted:

                                                             /s/ *Abran J. Kean*
                                                             Abran J. Kean (CO Bar 44660)
                                                             ERISE IP, P.A.
                                                             5600 Greenwood Plaza Blvd., Suite 200
                                                             Greenwood Village, CO 80111
                                                             Phone: (913) 777-5600
                                                             abran.kean@eriseip.com

## **CERTIFICATE OF SERVICE**

  On June 24, 2016, I filed the foregoing document with the Court through the CM/ECF system.  All parties in this case are represented by registered CM/ECF users and will be served by the CM/ECF system.

            */s/ Abran J. Kean*
            Abran J. Kean